UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

THI HUYEN NGUYEN,                                                                   Petitioner,

v.                                                                   Civil Action No. 4:26-cv-26-RGJ

JASON WOOSLEY, et al.,
                                                                                  Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Thi Huyen Nguyen's Writ of Habeas Corpus. [DE 1]. Respondents responded on January 22, 2026. [DE 8]. Petitioner replied on January 25, 2026. [DE 10]. The parties agreed no evidentiary hearing was necessary. [DE 9; DE 11]. Respondents filed an additional notice per the Court's instruction on March 2, 2026. [DE 15]. This matter is ripe for adjudication. For the reasons below, the Court **GRANTS** Nguyen's Petition for a Writ of Habeas Corpus. [DE 1].

## I.     Background

Petitioner Thi Huyen Nguyen's ("Nguyen") is a native and citizen of Vietnam. [DE 1 at 4]. Nguyen has been present in the United States since 2024. [*Id.*]. Nguyen entered the United States without inspection. [DE 8 at 42].[1] Although entering without inspection, Nguyen encountered United States Custom and Border Patrol ("CBP") shortly thereafter. [DE 1 at 4]. Nguyen was served a Form I-220A, which states she was being released on her own recognizance in accordance with "section 236[2] of the Immigration and Nationality Act." [DE 1-1 at 14]. Nguyen was then issued a Notice to Appear and released into the interior of the United States. [DE 1-2 at 15]. On her Notice to Appear the box was checked identifying Nguyen as an "alien present in the United

---

[1] The United States stipulates that Nguyen entered "without inspection." [DE 8 at 42]. This is also consistent with the fact that she was not designated as an arriving alien on the I-862. [DE 1-2 at 15].
[2] Section 236 of the Immigration and Nationality Act ("INA") corresponds to Section 1226.

States who has not been admitted or paroled," not an "arriving alien." [*Id.*]. Nguyen remained compliant with all her requirements of her release, including Immigration and Customs Enforcement ("ICE") check-in appointments. [DE 1 at 4].

Nguyen's parents are lawful permanent residents, and her sister is a U.S. citizen. [DE 1 at 1]. On May 21, 2025, Nguyen appeared for immigration court. [*Id.*]. The Department of Homeland Security ("DHS") moved to dismiss her standard removal proceedings and initiate expedited removal proceedings. [*Id.*]. Although the Immigration Judge ("IJ") granted the motion, Nguyen properly appealed the decision to the Board of Immigration Appeals, where it is now pending. [*Id.* at 4]. After the IJ made the decision, however, ICE officials detained Nguyen at immigration court. [*Id.*]. To this day, Nguyen has not been provided an I-200 Warrant for Arrest. [*See* DE 15]. And because Nguyen's appeal is pending, Nguyen remains in standard removal proceedings pursuant to 8 U.S.C. § 1229a. [DE 1 at 4].

ICE contends that based on interim guidance from DHS, issued July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission," only those noncitizens who have already been admitted into the United States are eligible to be released during removal proceedings and all other noncitizens are subject to mandatory detention, under 8 U.S.C. § 1225 ("Section 1225"), not Section 1226. [DE 8-3 at 79].

Nguyen asserts that the United States illegally detained her under Section 1225 instead of Section 1226 in violation of the INA. [DE 1 at 11-12]. And that this prolonged detention is in violation of her Due Process Rights under the Fifth Amendment. [*Id.*]. Therefore, Nguyen seeks release from her detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether she should remain in custody. [*Id.*].

In response, the United States "rel[ies] and incorporate[s] by reference the legal arguments from the briefs the government filed with the Sixth Circuit Court of Appeals in the four §§ 1225-

1226 appeals." [DE 8 at 46]. Those cases are *Lopez-Campos v. Raycraft*, Case No. 25-1965 (6th Cir. Oct. 27, 2025); *Alvarez v. Noem,* Case No. 25-1969 (6th Cir. Oct. 27, 2025); *Contreras-Cervantes v. Raycraft*, Case No. 25-1978 (6th Cir. Oct. 28, 2025); *Pizarro Reyes v. Raycraft*, Case No. 25-1982 (6th Cir. Oct. 29, 2025). The United States concedes that the "relevant facts in all four matters on appeal" are "similar to the relevant facts in this matter" and the only "relevant legal question" is whether the Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) or § 1226. [DE 8 at 46].

## II.   DISCUSSION[3]

### A. Jurisdiction

The Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Here, however, the United States relies on *Khalil v. President, United States* to demonstrate again that the Court does not have jurisdiction pursuant to Section 1252(b)(9). 164 F.4th 259, 278 (3d Cir. 2026). The United States contends that according to *Khalil*, Section 1252(b)(9) bars this Court from answering "which legal authority authorizes" the detention of Nguyen because "it can be raised in a petition for review before a circuit court." [DE 8 at 44].

*Khalil* involved a legal permanent resident who was an "outspoken advocate for Palestinian human rights." 164 F.4th at 266. He was charged with being removable under the Immigration and Nationalities Act based upon the provision allowing the removal of noncitizens whose "presence or activities in the United States . . . would have potentially serious adverse foreign policy consequences for the United States." *Id.* (quoting 8 U.S.C. § 1227(a)(4)(C)). Khalil sought habeas

---

[3] Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

relief in federal court challenging his detention, removal, and a "broad array of alleged governmental misconduct under the First and Fifth Amendments" and other administrative actions. *Id.* The Third Circuit stated, in holding that the 1252(b)(9) bars the district court's jurisdiction, that Khalil's claims were not "wholly collateral to the removal process" but instead "inextricably linked to it" as understood under Section 1252(b)(9). 164 F.4th at 274. Thus, the Third Circuit said all the claims of Khalil could be raised later in a petition for review and Section 1252(b)(9) bars the district court from having jurisdiction over the petition. *Id.*

To begin, *Khalil* not binding on this Court. Further, even if it were, Nguyen is distinguishable from *Khalil*. Nguyen is challenging Respondents' ability to detain her without a bond hearing. [DE 1 at 3 ("Petitioner's current detention without a proper bond hearing to determine is a violation of the INA and due process"). In other words, Nguyen, unlike Khalil, is not challenging whether her removal is unlawful, but only whether her detention without a bond hearing violates due process. This type of claim "does not get channeled into the [petition-for-review] process" and is therefore not "inextricably linked" to her removal proceedings. 164 F.4th at 266; 278 (distinguishing Khalil's matter from a Fourth Circuit decision in which jurisdiction was held as proper where petitioner was challenging only the "bond procedures used," not overall removal). Thus, this Court retains jurisdiction to hear Nguyen's claims. *Coronel-Hernandez v. Woosley*, 2026 WL 227011, *3 (W.D. Ky. Jan. 28, 2026) ("[Petitioner] challenges Respondents' authority to detain her without a bond hearing . . . [t]hus, even if *Khalil* were binding on this Court, it would be distinguishable"); *Cervantes-Garcia v. Bondi,* 2026 WL 196519, *3, n.5 (W.D. Tex. Jan. 23, 2026) (holding that because "Petitioner is not challenging the decision to seek his removal nor asking the Court to decide his removability" the court retains jurisdiction); *Kourouma v. Jamison*, 2026 WL 120208, *3 (E.D. Pa. Jan. 15, 2026) ("The Third Circuit's opinion in *Khalil*, which was released earlier today, does not change the Court's conclusion" because "[Petitioner]

4

challenges the Government's authority to detain him *without a bond hearing.*") (emphasis in original).

## B. Section 1225(b)(2) vs. Section 1226

The United States argues Section 1225 applies to Nguyen's detention, not Section 1226. The United States "acknowledge[s] that the Court has previously ruled on the substantive question regarding § 1225." [DE 8 at 41]. And, that the only relevant legal question is whether Nguyen is "detained under 8 U.S.C. § 1225 or § 1226?" [*Id.* at 46]. As both parties acknowledge that the Court has previously ruled on this substantive issue, which is the only "relevant legal question," the Court incorporates by reference its reasoning in *Edahi*, 2025 WL 3466682 at *5-*13 (holding that Section 1226, not Section 1225, applies to Petitioner), *Patel v. Tindall*, --- F.Supp.3d ---, 2025 WL 2823607, *5 (W.D. Ky. Oct. 3, 2025) (holding that Petitioner cannot be in two forms of removal proceedings at once), and *Seemar v. Woosley*, 2026 WL 473356 (W.D. Ky. Feb. 19, 2026) (holding that the United States has not argued that Petitioner is detained under Section 1225(b)(1)). Therefore, Section 1226 applies to the Petitioner.

### i. Related Case Law

The United States incorporated brief cites to several nonbinding district courts, and one BIA decision, to support their interpretation.[4] However, the Court is not persuaded by these decisions for the reasons previously explained in *Edahi*, 2025 WL 3466682, at *9–13, incorporated here by reference.

\* \* \*

---

[4] None of the cases cited by the United States are controlling authority within the Sixth Circuit. Further, the BIA is neither binding, nor should be viewed as persuasive authority, on any district court. See *Loper Bright Enter.*, 603 U.S. at 413 ("courts. . . may not defer to an agency interpretation of the law simply because a statute is ambiguous") (emphasis added).

For the reasons above and incorporated, Nguyen, who has been present in the United States for approximately two years, is not "seeking admission" into the United States, a fact acknowledged in her Notice for Appearance by not marking her as an "arriving alien," as well as her arrest pursuant to the I-200 Warrant which authority arises out of Section 1226. Section 1226, not Section 1225(b)(2), applies to her detention.

### C. Lawfulness of Current Detention

As stated, Nguyen is detained under Section 1226. The United States contends that because Nguyen is properly detained under Section 1225(b)(2), not Section 1226, she has been "provided all the due process to which [Nguyen] is owed." [DE 8 at 46]. Otherwise, the United States does not respond to Nguyen's alleged violation of due process. Because the Court found that Nguyen's detention is guided by Section 1226, the Court must determine whether the continued detention pursuant to Section 1226 is in violation of her Due Process.

The Due Process Clause extends to all persons regardless of status. *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). This includes non-citizens. *Id.* To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1976). The Court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 335. The United States does not address the merits of her Due Process claim, but instead focuses solely on the legal argument of Section 1225(b)(2) versus Section 1226 as referenced above.

1. Private Interest

It is undisputed Nguyen has a significant private interest in not being detained. One of the "most elemental of liberty interests" is to be free from detention. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Courts can also consider the detainee's condition of confinement. *Martinez v. Noem*, 2025 WL 2598379, at *2 (W.D. Tex. Sep. 8, 2025). This is to determine if the conditions are indistinguishable from criminal incarceration. *Id.* Nguyen is being detained at Grayson County Jail. [DE 1 at 1].

Nguyen previously lived in Wisconsin prior to her detainment for approximately two years. [DE 1-2 at 15]. But because of her detention in a separate state, she is away and separated from her community. [DE 1 at 11]. This includes her parents who are lawful permanent residents, and her sister who is a U.S. citizen. [DE 1 at 1]. The detention is thus making it difficult for Nguyen to participate in her community, connect with others, and spend time with her family. [*Id.*]. As a result, the first *Matthews* factor favors Nguyen's position.

2. Risk of Error

The second factor concerns the risk of the erroneous deprivation of Nguyen's liberty. A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest. *Munoz Materano*, 2025 WL 2630826, at *15 (holding that "re-detention without any individualized assessment" establishes a "high risk of erroneous deprivation" of a protected liberty interest). As of today, Nguyen has not had a merits bond hearing, with counsel and evidence. *Munoz Materano*, 2025 WL 2630826, at *15 (holding that Due process requires at a minimum the opportunity for the petitioner to submit evidence and be heard). Respondents have not demonstrated that Nguyen is a flight risk or a danger to the community, nor

is it likely they can. Nguyen has attended all ICE check-in appointments and has remained complaint with all terms of her release. [DE 1 at 9]. In fact, Nguyen was at an immigration hearing when ICE detained her. [*Id.*]. Therefore, it would appear to the Court the only material change within the past year, with respect to Nguyen, is the United States' interpretation of Section 1225 and Section 1226. Thus, because of a high, if not already evident, risk of erroneous deprivation of Nguyen's liberty interest, the second *Matthews* factor favors Nguyen.

### 3. United States' Interest

The final *Matthews* factor concerns the Unites States' interest in the procedure, as well as any financial or administrative burdens associated with permissible alternatives. *Matthews*, 424 U.S. at 335. The Court recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings. *Sampiao*, 2025 WL 2607924, at *12. However, a "routine bond hearing" before an IJ presently "minimal" burdens to the United States." *Hyppolite v. Noem,* 2025 WL 2829511, at *15 (E.D. N.Y. Oct. 6, 2025). These procedures are also already in place. *Id.* Therefore, "existing statutory and regulatory safeguards adequately serve the governmental interest in promoting public safety." *Günaydin v. Trump*, 2025 WL 1459154, at *10 (D. Minn. May 21, 2025). Because of that, the Court finds that the third *Matthews* factor also favors Nguyen.

Therefore, the Court finds that all three *Matthews* factors favor Nguyen. The current detention of Nguyen is in violation of the Due Process Clause and the INA.

### III.   Remedy

Numerous courts across the country have ordered the release of individuals stemming from ICE's illegal detention. *Patel*, 2025 WL 2823607, at *6; *Beltran Barrera*, 2025 WL 2690565, at *7; *Roble v. Bondi*, 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025) (ordering petitioner's "release from custody as a remedy for ICE's illegal re-detention"). The Supreme Court has also

8

recognized that "Habeas has traditionally been a means to secure *release* from unlawful detention." *Thuraissigiam*, 591 U.S. at 107 (emphasis in original). This Court is releasing Nguyen because of the "unlawful detention" by ICE and the United States for the reasons stated above. Nguyen is not being released because she is detained pursuant to Section 1226. But instead, the Court is ordering her release because of the United States' illegal actions *it undertook* in Nguyen's detention. *Hyppolite,* 2025 WL 2829511 *16 (holding that the United States cannot "detain [Petitioner] without first conducting a hearing before an IJ" because of the unlawful detention of Petitioner).

As a result of her release stemming from the "unlawful detention" in violation of her due process rights, and *further* pursuant to Section 1226 and its supporting regulations, Petitioner must be provided with a bond hearing on the merits before a neutral IJ prior to any re-detention. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). The IJ may consider the non-exhaustive list of factors set out in *Matter of Guerra* 24 I. & N. 37, 40 (BIA 2006). Courts across the country have routinely held this procedure proper. *Alonso*, 2025 WL 3083920, at *9; *Lopez-Campos,* F.Supp. 3d at 785-86; *Mboup v. Field Office Director of N.J.*, 2025 WL 3062791, at *2 (D.N.J. Nov. 3, 2025); *Espinoza*, 2025 WL 2675785, at *11; *Ramirez Clavijo*, 2025 WL 2419263, at *6; *Munoz Materano*, 2025 WL 2630826, at *20.

Nguyen's procedural due process rights are not violated by the very fact she is detained. "Rather, [Petitioner's rights] are violated because she has been detained without a hearing that accords with due process." *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, *12 (W.D. Tex. Sep. 22, 2025) (citing to *Black v. Decker*, 103 F.4th 133, 149-150 (2d Cir. 2024)). Therefore, "the proper remedy" is the "full process due under [Section 1226] which includes a bond hearing before an [IJ]." *Maldanado,* 2025 WL 2968042, at *9-10; *Morales-Martinez v. Raycraft*, 2025 WL 3124695, at *7 (E.D. Mich. Nov. 7, 2025) (holding that because Petitioner had been detained "without a . . . hearing, he is in federal custody in violation of federal law.")

Because Nguyen is being detained pursuant to Section 1226, relevant regulations entitle her to a neutral bond hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). Therefore, to afford Nguyen with the "full [due] process" under Section 1226, the United States must provide Nguyen with a neutral bond hearing before an IJ. *Maldanado,* 2025 WL 2968042, at *9-10.

## VI.    Conclusion

For the reasons stated above, the United States has violated Nguyen's due process rights. The Court **GRANTS** Nguyen's Petition for Writ of Habeas Corpus [DE 1] and orders the following:

  I.    The United States is directed to release Petitioner Nguyen immediately because of the unlawful detention in violation of her due process rights.

  II.   The United States must provide her with a bond hearing before a neutral IJ pursuant to Section 1226.

  III.  The United States must certify compliance with the Court's order by a filing on the docket **by March 6, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

March 4, 2026